## HESLEP, Administrator of HARDIN BIGELOW, *v.* The CITY OF SACRAMENTO.

The Common Council of the city of Sacramento, by resolution made an appropriation to the Mayor of the city of $10,000, reciting meritorious services, (but such as were within the line of his official duty,) as the consideration, which was exclusive of his salary, which had been regularly paid. The Mayor died the same day the Resolution was passed, and did not formally accept the appropriation. Held, that the appropriation could not be recovered by action at law.

APPEAL from the Sixth Judicial District.
The facts are fully set forth by the Court.

*Heslep, Wiman* and *Yale,* for appellants.
*Crockett* and *Baker,* for respondents.
No briefs on file.

MURRAY, Chief Justice, delivered the opinion of the Court, with which ANDERSON, Justice, concurred.

The facts in this case are as follows. Hardin Bigelow, Mayor of Sacramento City, was severely wounded while endeavouring in his official capacity to quell certain public disturbances.

The Common Council of the city, on the 25th of November, 1850, passed the following Resolution. "Resolved, that in consideration of the expenses incurred by his Honour the Mayor, the Honourable Hardin Bigelow during his recent illness, consequent upon the injuries he received during the recent difficulties, and as a testimony of our high appreciation of the manner in which he has discharged his duties as Chief Magistrate of this city, an appropriation of ten thousand dollars be made by this board in his favour, and the President of the Council be authorized to issue his warrants upon the treasury for the same in such sums as his Honour may desire."

Bigelow died on the same day the Resolution was passed, and did not formerly accept the appropriation. On the 29th of the same month, the Resolution was rescinded.

An appropriation of five thousand dollars a year had previously been made as salary for the Mayor, which had been accepted and drawn by Bigelow.

An action was commenced by the executors of Bigelow to recover the amount of the appropriation.   A judgment was rendered for the defendant in the Court below, from which this appeal is now prosecuted.

Granting for the present, that the Common Council of Sacramento City had authority under their charter to make this appropriation, a proposition by no means clear, and to gratify their high appreciation of services by acts of such beneficience; let us inquire whether the appropriation made can be recovered by an action at law.

The salary as Mayor had been paid, and one of the duties of that office was the performance of those services in which he was wounded.   If such was not the case, then his conduct was illegal, and could form no just subject for compensation.   The resolution does not acknowledge the performance of new and independent services, other than those devolving on the officer by virtue of his office, but only proposes to pay the expenses of his sickness, and to testify a proper appreciation for the discharge of his services. There was no moral obligation binding on the part of the city to do this.

The Mayor had assumed the performance of certain duties, and the city had paid a certain salary by way of compensation equal to their supposed value, and could not be made morally responsible for the accidents which might occur in their performance.

Neither can the action be supported upon the subsequent promise or resolution of the Common Council.   "An express promise can only revive a precedent good consideration, which might have been enforced at law, through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provision. (Smith *v.* Ware, 13 Johns.)

If it should be contended that this appropriation was a gratuity or gift, the argument is answered by the fact, that there is no delivery or acceptance.

Judgment affirmed.