OLIVER B. ESTEY *vs.* INHABITANTS OF WESTMINSTER.

Money voluntarily contributed to a town by individuals in 1864 to procure soldiers for its quota, is not such a consideration for a subsequent vote of the town to refund the same as will support an action on this vote against the town by one of the contributors to recover the amount of his contribution.

CONTRACT on an account annexed for " thirty dollars advanced to procure soldiers for the town quota in 1864," and alleged to be due to the plaintiff " in accordance with a vote of the inhabitants of Westminster passed April 9, 1866."

At the trial in the superior court, before *Morton,* J., without a jury, the plaintiff's contribution of the amount for the purpose alleged was admitted; and it appeared in evidence that the whole amount of contributions by private citizens for the same purpose was three thousand dollars, which was paid to the chairman of the selectmen, who disbursed it; that at a town meeting on April 9, 1866, called, among other things, " to see if the town will refund the money paid by private individuals to fill the quotas of men called for by the government in 1864," it was voted " to refund the money; " but that at a subsequent town meeting on April 21, 1866, called for the purpose, this vote was rescinded. No tax was ever assessed for the purpose of raising the money to refund the amount of the contributions, and the town took no further action upon the subject.

On these facts the judge ruled that the plaintiff could not recover; and he alleged exceptions.

*T. K. Ware & C. H. B. Snow,* for the plaintiff. The money advanced by the plaintiff was furnished "in a pressing public exigency to enable the town to discharge a duty which was legally devolved upon it and which could not have been performed without such adventitious aid." *Freeland* v. *Hastings,* 10 Allen 570. The town being engaged in the discharge of such a duty would have been authorized to raise money by taxation to repay such advances. Gen. Sts. *c.* 18, § 10. *Nelson* v. *Milford,* 7 Pick. 18. *Willard* v. *Newburyport,* 12 Pick. 227. *Bancroft* v. *Lynnfield,* 18 Pick. 566. The case of *Stetson* v. *Kempton,* 13 Mass.

272, is not applicable, for in that no duty was imposed upon the town. The liability and power of towns to refund such advances was suspended by St. 1861, *c.* 222, but restored by St. 1865, *c.* 152. The defendants having derived a manifest pecuniary benefit from the precedent consideration, and the plaintiff's advance having been made in performance of a duty resting on them, and they having expressly promised payment, a prior request will be implied. Chit. Con. (10th Am. ed.) 62. The case therefore presents a contract supported by a precedent good consideration, and which may be enforced at law through the medium of an implied promise. Chit. Con. (10th Am. ed.) 47. *Nelson* v. *Milford, ubi supra. Seago* v. *Deane,* 4 Bing. 459. *Wells* v. *Horton,* 2 C. & P. 383. *Lee* v. *Muggeridge,* 5 Taunt. 36.

*G. F. Hoar & G. A. Torrey,* for the defendants.

BIGELOW, C. J. This action cannot be maintained. The plaintiff voluntarily gave a sum of money for an object for which the town could not, at the time of the gift, lawfully have raised or paid money. There was, therefore, no legal obligation resting on the town to repay it, nor would an agreement to repay it, after it had been received and passed into the full possession of the town, have been supported by a sufficient consideration. The consideration was past and executed.

The case does not fall within the principle that a promise founded on an executed consideration will be held valid, if a precedent request to pay money is proved or can be implied from the circumstances. The payment of the money in the case at bar was purely voluntary, and no prior express request by the town in its corporate capacity is alleged or proved. Nor can any be implied, because the town had no right or authority at the time of the payment to make any such request. The law cannot imply a request on which to rest a promise, either express or implied, when it appears that there was no legal authority or right in the party sought to be charged to make any precedent request. The plaintiff advanced his money to the defendants not only without any request, but he gave it with a knowledge that they had no legal authority to ask for it or to promise its repayment. In this view, it is wholly immaterial

that the money was used in aid of the performance of a public duty which was devolved on the town. Admitting such to be the fact, it was a duty to be performed without any authority to raise or pay money or to make any request or promise on which a legal obligation could be founded.

The subsequent statute, St. 1865, c. 152, by which towns were authorized to raise money to refund sums which had been contributed for bounties by individuals, does not affect this case. That statute imposed no duty on towns, but only conferred on them an authority, the exercise of which was left wholly discretionary. There is nothing in it which can be construed to give validity to a promise which, at common law, was wholly invalid. *Exceptions overruled.**

---

* A similar decision was made in the following case from Middlesex, argued at Boston in January 1868, before all the judges :