## FREY vs. THE CITY OF FOND DU LAC.

BOUNTY TO VOLUNTEERS.—*Vote of bounty to men who had previously enlisted — No remedy as upon a contract — Any other remedy?*

1. Where a city (under ch. 39, Laws of 1864) voted to pay a certain bounty to every person who *had enlisted* or should enlist in the service of the United States, and be credited to such city, and raised by tax a fund for that purpose, this did not constitute a binding *promise* to one who had enlisted and been so credited *before* such vote.
2. Whether, under the law and the vote of the city, it is not the duty of the city treasurer to pay, from the balance of such bounty fund in his hands, the sum claimed by plaintiff, or the duty of the city council to issue to plaintiff an order upon the treasurer for that sum, and whether these duties may not be enforced by *mandamus*, not determined here.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover bounty money alleged to be due the plaintiff as a volunteer in the military service of the United States, credited to the defendant city, in 1863. The defendant appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

*N. C. Giffin*, for appellant, to the point that there was no contract between the parties, cited *Converse v. Kellogg*, 7 Barb. 590; 20 id. 151; *Frear v. Hardenbergh*, 5 Johns. 272, 277; *Parker v. Crane*, 6 Wend. 647; 1 Parsons on Con. 358, note *h*; *Comstock v. Smith*, 7 Johns. 87: *Chaffee v. Thomas*, 7 Cow. 358.

*Knowles* & *Babcock* (with *J. M. Gillet*, of counsel), for respondent, argued, that, even if the bounty voted plaintiff was in the nature of a gratuity, there was nothing to prevent his recovering the amount so voted and collected by tax for him. Ch. 39, amended by ch. 57, Laws of 1864; *Dinehart v. Town of LaFayette*, 19 Wis. 677; *Booth v. Town of Woodbury*, 5 Am. Law Reg. (N. S.) 202; *Carver v. Creque*, 46 Barb. 507; *Brodhead v. City of Milwaukee*, 19 Wis. 652; *Johnson v. Town of Newfane*, 40 Vt. 9; id. 171, 207, 211, 648, 666. If the city has exercised the power conferred by chapter 39, Laws of 1864, in raising the money, it has become bound to pay it out in accordance with the intention of the electors; and, in case of neglect to perform, it is liable to any one suffering thereby. *Conrad v. Ithaca*, 16 N. Y. 163; Hill on Trustees, 557, 661, 454, note *x; Town of Guilford v. Chenango Co.*, 13 N. Y. 143; *Morey v. Town of Newfane*, 8 Barb. 645; *Storrs v. City of Utica*, 17 N. Y. 104; *Estey v. Westminster*, 97 Mass. 324; *Magee v. Cutler*, 43 Barb. 239; *Withington v. Harvard*, 8 Cush. 66; 17 Mass. 1; 6 Pick. 32; 5 id. 193; 19 id. 496; 12 Allen, 482. To the point that there was a sufficient meritorious consideration to support the action as one on contract, counsel cited *Freeman v. Freeman*, Am. Law. Rev.; Jan., 1869, p. 29; *Stokes v. Lewis*, 1 Term, *20; *Robertson v. Bethune*, 3 Johns. 350; *Oatfield v. Waring*, 14 id. 188; *Doty v. Wilson*, id. 378; *Comstock v. Smith*, 7 id. 87; *Mills v. Wyman*, 3 Pick. 207, 322; *Loomis v. Newhall*, 15 id. 159; *Dodge v. Adams*, 19 id. 429.

PAINE, J. This action was brought to recover bounty money. The city of Fond du Lac voted, under the provisions of chapter 39, Laws of 1864, to pay two hundred dollars to every person *who had enlisted*, or who should thereafter enlist, under the calls of October, 1863, and February, 1864, and be credited to the city. The

plaintiff had enlisted, and, as he claimed, been credited to the city, before the law was passed, and before the vote was taken. He had received one hundred dollars, and sued for the other.

There was a controversy as to whether he had ever been credited to the city at all; and, upon this point, certificates produced from the adjutant-general's office were conflicting. It was submitted to the jury, and they found for the plaintiff. And there is probably no good reason for disturbing the judgment, unless it be one that goes to the entire foundation of the action.

There seems to be no other ground upon which such an action can be sustained, except that of contract. In all those cases where actions have been brought for bounty offered before the party enlisted, the liability of the town or city has been maintained upon the express ground that, having offered the bounty, and the party having accepted it, and enlisted on the faith of it, there was a contract between them. No other ground upon which such a liability could be maintained, has been suggested.

The question, therefore, is, whether, upon the facts appearing, there was any contract between the city and the plaintiff.

If he had enlisted after, and on the faith of, the offer by the city, the case would have been clear in his favor. If, having previously enlisted, he had, after the offer, and relying on it, caused himself to be credited to the city, that would have been sufficient. But he neither enlisted, nor was credited, after the vote. He did nothing on the faith of that vote. If there was a contract at all, it arose from the fact that, having enlisted and been credited to the city, it afterward voted to raise a sum of money by taxation for the purpose of paying him, and others so situated, a bounty. Does this make a contract?

It is a general rule that a promise to pay for a past

consideration, for which there is not and never has been any legal liability on the part of the party promising, does not make a contract binding in law. It is placed on the same footing with a promise which does not purport to be for any consideration whatever. There was, for a time, some uncertainty upon the subject. But the rule seems long to have been settled as stated in the note to 3 Bos. & Pull. 249, quoted by Justice SPENCER in *Smith v. Ware*, 13 Johns. 257, as follows: "An express promise, therefore, as it should seem, can only revive a precedent good consideration, which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provision."

In accordance with this rule it has often been held, that an express promise to pay a debt barred by the statute of limitations would constitute a new and valid contract; and that a promise by one, on coming of age, to pay for what had been furnished him during his minority would be binding. In the first class of cases there was once a legal liability, and, being barred by a provision of statute, it is held that the party may waive it, and bind himself by a new promise. So, in the case of the infant, the facts would create a binding contract during the infancy, except for the disability imposed on him by statute for his protection. And if, after coming of age, he renews the promise, this is held binding.

These exceptions to the general rule are noticed merely for the purpose of showing that the present case does not fall within them.

It is conceded that there never was any legal liability on the part of the city to the plaintiff, prior to the vote which is relied on as its promise. There was no statutory provision interposing to prevent a binding con-

tract from arising, upon facts which would otherwise have been sufficient to form one.    It is the naked case of a promise to pay for something in the past, for which the party promising was never under any legal obligation to pay.    It is not a case of waiving any statutory privilege, but a case where the original facts are not regarded as sufficient in law to ever constitute a binding contract, though occurring between parties under no disability.

The following cases may be referred to as illustrations of the general rule : *Heslep v. Sacramento*, 2 Cal. 580 ; *Cook v. Bradley*, 7 Conn. 57 ; *Dawson v. Dawson*, 12 Iowa, 512 ; *Frear v. Hardenberg*, 5 Johns. 273 ; *Smith v. Ware*, 13 id. 257 ; *Eakin v. Fenton*, 15 Ind. 59 ; *Welch v. Bryder*, 28 Mo. 30 ; *Pourtales Gorgier v. Morris*, 97 E. C. L. 588 ; Parsons on Con., vol. 1, p. 358, note *h*, and cases cited.

The case of *Estey v. The Inhabitants of Westminster*, 97 Mass. 324, was in principle precisely like the present.    The only difference is, that there the action was brought by a party who had voluntarily advanced money to procure the enlistment of soldiers to fill the quota of the town.    There was no law at the time authorizing the town to refund such money, but such a law was subsequently passed, and the town voted to refund.    But the court held that there was no contract, and that the action could not be sustained.

The doctrine that an action for a bounty can only be founded upon a contract relation is sustained by several cases in 56 Pa. St., commencing on page 466.    Those were actions where parties sought to recover local bounties offered or voted subsequent to their enlistment, under a statute subsequently passed.    The court held they could not recover, because there was in such cases no contract, and they construed their statutes, taken altogether, as not designing to compel payment unless there was a contract.

Our statute, under which the city voted, expressly

allowed a tax to be voted to pay bounties to those who had already enlisted. But this does not warrant any inference that a vote of a tax for that purpose would amount to a contract, upon which an action could be sustained.

The case of *Seymour v. Marlboro*, 40 Vt. 171, would perhaps be an authority for sustaining this action. But there were peculiar circumstances in that case. The plaintiff enlisted after the town had voted bounties, and relying on that vote, and did what he could to cause himself to be credited to the town on its quota. He failed in this, without his fault, and without fault on the part of the officers of the town. And the town subsequently voted to pay him and several others the same amount, he having been afterward credited to the town on another quota, and having served through the war. The court sustained the action upon the special vote in his favor. The circumstances were peculiar, and doubtless created a strong desire to sustain the action if possible. But, so far as the case seems to countenance the rule that a promise upon a past consideration would constitute a binding contract, except under the qualifications of the rule hereinbefore stated, it seems to be in conflict with the general current of authority.

The claims of soldiers are certainly meritorious in the highest degree. But this cannot constitute any reason for maintaining an action in their favor upon facts which, upon established legal principles, do not show any contract.

It may be that the plaintiff is not without remedy. If the facts are, that the tax was voted and raised, the law provides that it shall be applied to the purposes for which it was raised. If the money is in the hands of the treasurer, it may be his legal duty to pay it to the plaintiff according to the law. See section 5 of the act authorizing the vote. If an order from the common

council to the treasurer is necessary, it may be the legal duty of the council to issue the order. If these legal duties exist, they may be enforced by *mandamus*. The plaintiff's right to obtain the money may not depend upon the existence of a contract relation. But his right to maintain an action against the city, upon its promise, does.

The instructions given by the court to the jury are all based upon the assumption of such a relation, if the facts claimed were proved. And if the views above presented are correct, they were erroneous.

*By the Court.* — The judgment is reversed, and a *venire de novo* awarded.