ROBERT PERKINS *vs.* INHABITANTS OF MILFORD.

*Statute — construction of. Towns — power of, to raise money.*

Neither c. 170 of the Public laws of 1863, c. 226 of 1864, nor c. 298 of 1865, authorizes a town to refund money voluntarily contributed by an individual in 1864, to aid the town in procuring soldiers to fill its quota.

Nor does the constitution authorize a town to raise money to refund money given to it without expectation of repayment.

ON REPORT.

ASSUMPSIT upon a town order payable to A. F. Gerrish or bearer, for $50, dated March 22, 1865, given to refund to the payee his subscription, voluntarily made without expectation of repayment, to aid in procuring soldiers for the war of the rebellion.

It appeared that the money was not borrowed, nor obtained by any officer of the town, but was subscribed and paid to aid the town in procuring men to fill the quota of troops under the call of the president.

It appeared by the records of the town, that, under a proper article, the town voted, Aug. 15, 1864, to raise $200 per man, provided private individuals raised a fund of $600, the town to issue scrip, payable in one year, as soon as the whole amount of the subscription shall be raised, to be paid to volunteers, drafted men, or any person who furnishes a substitute to fill the town's quota. And in January, 1865, the town, at a legal meeting, called for the pur-

pose, voted that town orders be drawn in favor of those individuals who subscribed and paid the amount as bounties to soldiers in 1864. It appeared that the payee of the order in suit was one of the subscribers in 1864, and actually paid the sum of $50, and the order in suit was drawn to refund the amount thus paid.

If the action could not be maintained, plaintiff to be nonsuit.

*N. Wilson*, for the plaintiff.

*Sewall & Blanchard*, for the defendants.

APPLETON, C. J. This is an action upon a town order, dated March 22, 1865, for fifty dollars, payable to A. F. Gerrish or bearer, and by him indorsed to the plaintiff.

The order in the hands of the plaintiff is subject to the same defense as if in the hands of the payee. *Emery* v. *Mariaville*, 56 Maine, 314.

The evidence shows that Gerrish, the payee of the order, subscribed with others to raise a sum of money to aid in procuring soldiers for the late war. The subscription was voluntary and without expectation of repayment. The money was not borrowed nor obtained by any officer of the defendant town, but was subscribed and paid to aid the town in procuring men to fill its quota. In other words the money was a gift and not a loan.

The order was given to refund Gerrish for the amount subscribed and paid by him, in 1864, upon the subscription paper signed by him.

The order was given in pursuance of a vote of the town, and the inquiry arises whether the town had any authority to pass such vote. That it had not, will be conceded, unless some special act authorizing or confirming its doings, can be found.

The counsel for the plaintiff relies on an act approved Feb. 21, 1863, c. 170. But this act is entirely retrospective, and purports only to make valid certain doings of cities, towns, and plantations, in raising bounties, etc., which without its passage would have been illegal. It is no guide or authority for the future. It is in no re-

spect prospective. It cannot touch this case because there were no " doings " of the defendant town to be thereby made valid. It had done nothing, and no authority is given for future action.

Neither does the act of Feb. 20, 1864, c. 226, though referred to, have any bearing on the question. That act made valid the contracts made by municipal officers or by third persons in behalf of any city, town, or plantation, but without previous authority, to pay bounties to volunteers, etc., or to raise money to pay such bounties. But this case shows no contract whatever. No individual had become bound for the town. No municipal officer had contracted with any volunteers or others, or with any third person to raise money to pay bounties to volunteers, etc.

Neither is any authority to be found in the act of Feb. 17, 1865, c. 298, to sustain this claim. This is entitled " an act to make valid the acts and doings of cities, towns, or plantations, in voting and making provision for the payment of bounties to volunteers, drafted men, and substitutes of drafted and enrolled men, and other purposes." By § 6, " authority is conferred upon cities, towns, and plantations " . . . " to assume and pay to persons or associations, when they have advanced the bounty, or have, by private subscription, given a bounty to such volunteer, drafted man, or substitute," etc. Here there has been no bounty advanced by any association or given by private subscription " to such volunteer, drafted man, or substitute." The case shows no such person as having received his bounty in whole or part from Gerrish. But unless this be shown, the plaintiff does not bring himself within this act, which only provides for repayment where one or more has advanced or given the money to a particular individual of the classes named, and cannot be extended to a case like this, where nothing of the kind is pretended to have been done.

The money paid was voluntarily contributed. It constitutes no consideration for a vote of the town to refund it. There can be no implied promise to repay what was, and was intended to be, a gift. *Estey* v. *Westminster*, 97 Mass. 324; *Cole* v. *Bedford*, 97 Mass. 325. " The vote of the town," observes Bigelow, C. J., in

*Shepard* v. *Turner*, 13 Allen, 92, " to raise money for the purpose
of refunding to individuals the amount contributed by them for the
purpose of raising recruits for the army was not passed in fulfill-
ment of any legal obligation which rested on the town, nor did it
constitute a valid agreement, by virtue of which the town was liable
to pay a specific sum to any particular person."

But even if the plaintiff's case, by a forced construction, could
be brought within the purview of some of the acts confirming and
rendering valid what without their passage would be invalid, still
there remains another objection to the claim which we cannot but
regard as insuperable.

The money was voluntarily paid and without expectation of re-
payment. It was a gift,—so understood, so intended by all the
parties subscribing. It was no advance or loan to the town, with
the expectation of repayment. Whether the gift was to the sol-
diers enlisting or to the town makes no difference.

The naked question recurs, can the town raise money to give to
individuals. This is not a gift for any public purpose. It is a gift
as a recompense for past generosity. If a town can give to A, it
can give to B. If it can give little, it can give much. If it can
give, then every man holds his estate subject to the will of the
majority, who can give away as much or as little as they please.

Taxation is for public purposes, and for those the right of the
government to impose taxes is unlimited. Taxation is imposed by
the State to meet its exigencies. But taxes to meet the plaintiff's
claims would be taxes for a private purpose,—for a gift to an indi-
vidual.

The constitution gives no authority to raise money to give away.
58 Maine, 591. If it did, all protection to property would cease.

*Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., con-
curred.

KENT, J., concurred in the view that the case did not come
within either of the enabling statutes.