AMBROSE LAWRENCE & others *vs.* JOHN H. McALVIN.

A city is authorized to raise and appropriate money to reimburse to its agents expenses of their defence in an investigation of their official conduct, made by order of the city government, by a committee of that body, on charges which were proved to be groundless.

CHAPMAN, C. J.   The object of this proceeding is to determine whether the government of the city of Lowell could lawfully appropriate the sum of six hundred and fifty dollars to the payment of the expenses of their water commissioners, in their self-defence, upon an investigation of their conduct as commissioners, which was ordered to be made by the city government before a committee of their body, respecting the truth of certain charges of misconduct, which had been made against the commissioners. It was found that there was no cause to censure the commissioners, but on the contrary they were entitled to great commendation; and the payment is expressed to be made " as an act of

justice." The plaintiffs, who are ten tax-payers of the city, file their petition under the Gen. Sts. *c.* 18, § 79, to restrain the respondent, who is treasurer of the city, from paying the money.

It has been decided that towns and cities have power to raise money to indemnify their officers and agents against liabilities incurred or damages sustained in the *bonâ fide* discharge of their duties. *Babbitt* v. *Savoy*, 3 Cush. 530. *Fuller* v. *Groton*, 11 Gray, 340. *Hawks* v. *Charlemont*, 107 Mass. 414. But the subject must be one concerning which they have a duty to perform, an interest to protect, or a right to defend. *Vincent* v. *Nantucket*, 12 Cush. 103. Cases held to be within the principle have been, where members of a school committee have been wrongfully sued for a libel in their report to the town, or where surveyors of highways have been sued for exceeding their powers by mistake, or were involved in litigation in building a town-house. See *Nelson* v. *Milford*, 7 Pick. 18 ; *Bancroft* v. *Lynnfield*, 18 Pick. 566 ; *Hadsell* v. *Hancock*, 3 Gray, 526 ; *Drake* v. *Stoughton*, 6 Cush. 393 ; *Cushing* v. *Stoughton*, Ib. 389. Cases not within the principle are *Vincent* v. *Nantucket*, 12 Cush. 103, above cited, where a field driver was involved in a lawsuit for impounding cattle, as he was not their agent nor had they any interest in the matter ; and *Estey* v. *Westminster*, 97 Mass. 324, and *Cole* v. *Bedford*, Ib. 326 note, where they undertook to reimburse a subscriber who had paid money on a subscription for a purpose which they had no authority to aid.

The water commissioners were in this case agents of the city, and were involved in litigation by the act of the city for acts done by them in the *bonâ fide* discharge of their duty. It was proper that they should defend themselves, and it is just that their expenses should be paid by the city. We have no doubt that the city had power to make the appropriation.

*Petition dismissed.*

*C. Cowley*, for the petitioners.

*T. H. Sweetser & J. F. McEvoy*, for the respondents.