OAKLEY v. MAYOR OF NEW YORK.

*Officer — assistant clerk of New York board of aldermen is public — when extra compensation to not allowable. New York city — power of common council to allow extra compensation to clerk.*

The board of aldermen of New York city were by Laws of 1867, chap. 446, § 53, required to canvass the votes cast in 1868. In performing this duty they required the services of one B., an assistant clerk of the board receiving a fixed salary. For such services the said board allowed B. $500 extra compensation. *Held*, (1) that B. held a public office and was bound to perform the duties thereof for the salary appurtenant to it; (2) that assisting in canvassing the vote was a duty and B. was not entitled to extra compensation therefor, and (3) that the allowance of such compensation was invalid under (*a*) the provisions of Laws of 1857, chap. 446, § 46, and (*b*) those of the Revised Ordinances of New York city of 1866, chap. 7, art. 1, § 12.

APPEAL by plaintiff from a judgment in favor of defendants entered upon an order at the circuit dismissing the complaint.

The action was brought by Jacob F. Oakley against the Mayor, Aldermen and Commonalty of the city of New York to recover an allowance made by the board of aldermen of said city to one George W. Betts, an assistant clerk of said board, for alleged extra services. Plaintiff brought action as the assignee of Betts. Enough facts appear in the opinion.

*Joseph H. Dukes*, for appellant.

*E. Delafield Smith* and *D. J. Dean*, for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. Betts, the plaintiff's assignor, was a clerk of the board of aldermen, receiving a fixed salary for his official services,

which, it appears, has been paid to him. He was an officer, and the position he held was a public office. He was by law required to perform the duties of that office for the salary appurtenant to it. The board of aldermen were, by law, required to canvass the votes cast at the election of 1868. Laws 1857, chap. 446, § 53.

In requiring the services of their clerk in making such canvass, they were simply calling upon him to perform his official duties. For a willful neglect or refusal to perform which he would have been held liable to removal from office, and to indictment and punishment. In the case of *Collins* v. *Mayor of New York*, argued at the present term, we have had occasion to consider the question of the official character of the position of clerk, deputy, or assistant clerk of the board of aldermen, and came to the conclusion above expressed.

The duties performed by Betts being the official services of a salaried officer, no legal claim against the city could arise upon their performance beyond the salary of his office. No suit could be maintained by him, nor any legal or equitable proceeding to compel the payment of any greater sum ; and the promise to pay therefor a sum additional to the salary would not be obligatory upon the corporation. This question has also been considered at the present term in the case of *Cowan* v. *Mayor of New York, ante,* page 152, where the action was brought upon a similar ordinance of the board of supervisors, directing the payment of $1,000 for extra services of a clerk of the Marine Court. 1 Dillon on Mun. Corp., §§ 172, 173 (2d ed.) ; *Heself* v. *City of Sacramento,* 2 Cal. 580 ; *Hatch* v. *Mann,* 15 Wend. 44 ; *Palmer* v. *Mayor of New York,* 2 Sandf. 318 ; *People ex rel. Phœnix* v. *Supervisors of New York,* 1 Hill, 362 ; *Mallory* v. *Supervisors of Cortland,* 2 Cow. 531.

The charter of 1857 (Laws of 1857, chap. 446, § 46) provided "that no additional allowance beyond the legal claim under any contract with the corporation, or for any services on its account, or in its employment, shall ever be allowed." We have seen that the legal claim of Betts was his official salary. To make an allowance beyond that for official services was to award to him a gratuity, and not to compensate a lawful claim. The action of the board came in direct conflict with the statute, and the statute must prevail. Besides, the action of the board in passing its resolution to compensate for the extra services was in violation of a standing ordinance

of the city.   See  Revised Ordinances of 1866, § 12 of art. 1, chap.
7 (p. 187).   That ordinance provides that "no officer of the cor-
poration who shall receive a fixed salary or rate of compensation for
his services shall be entitled to extra compensation for any services
which he may render to the corporation, or which may be required
of him by any ordinance or resolution of the common council, the
board of supervisors, or the board of health, unless provision be
expressly made for such extra compensation by the ordinance or
resolution requiring the services."

     This ordinance brings the case sharply within the principle of
the authorities above cited, and the clerk of the board must be pre-
sumed to have accepted the office with knowledge of the limita-
tions and restrictions imposed by law and the ordinance upon the
compensation to be paid to him.   There is no hardship in holding
him to the performance of all his duties for the stipulated salary,
because, if the burdens of office became too severe, he could have
laid them down by resignation at any moment.

     The judgment should be affirmed.

                                             *Judgment affirmed.*