WILLIAM F. DUNN & others *vs.* INHABITANTS OF FRAMING-
HAM.

Middlesex. Nov. 15, 1881. — March 3, 1882. LORD, FIELD & C. ALLEN,
JJ., absent.

Under the Gen. Sts. *c.* 18, § 10, providing that towns may grant and vote such
sums as they judge necessary for certain specified purposes, and "for all other
necessary charges arising therein," towns are not limited to the purposes specifi-
cally enumerated in the section, or to others of the same kind, but may vote to
raise money whenever it is required to enable them to exercise the powers or to
perform the duties conferred and imposed upon them by law.
A town may vote to appropriate money for the enforcement of the liquor law, and
to employ agents and counsel to suppress the sale of intoxicating liquors.

PETITION IN EQUITY, filed July 5, 1881, under the Gen. Sts.
*c.* 18, § 79, by twelve persons, representing that they were all
taxable inhabitants of Framingham; that on April 4, 1881, a
town meeting of the town was held in pursuance of a warrant
issued by the selectmen therefor, which warrant contained,
among others, the following article: " To see if the town will
take any action in regard to the enforcement of the liquor law,
or pass any vote relative thereto;" that this article came up for
consideration during the meeting, and the following votes were
separately passed by a majority of the voters then present:
" Voted. To grant the sum of seven hundred dollars for the
enforcement of the liquor law, and that the selectmen be in-
structed to employ efficient agents and counsel to suppress the
sale of intoxicating liquors." " Voted. That, if necessary, the
selectmen be authorized to take three hundred dollars additional
from the contingent fund."

The petition then alleged that the petitioners had no exact
information as to the action of the selectmen, but believed, and
had reason to believe, that none of the money so appropriated
had been paid out by said town or its treasurer, and that the
petitioners were informed and believed that the selectmen felt
themselves bound by these votes, and were preparing to pay out
of the town treasury the whole or a part of the sum voted; that
the votes were illegal; that the town had no right to pay over
money for the object named in the votes; and prayed that the

selectmen and treasurer of the town be enjoined from taking any action under said votes.

To this petition the defendant demurred, on the ground that the petitioners had not stated a case which entitled them to any relief. The case was heard by *Lord*, J., on the petition and demurrer, and reserved for the consideration of the full court.

*G. C. Travis*, for the respondent.

*R. Gordon & G. H. Gordon*, for the petitioners.

MORTON, C. J. The only question presented to us in this case is, whether a town has the right to raise and appropriate money for " the enforcement of the liquor law," and " to employ efficient agents and counsel to suppress the sale of intoxicating liquors."

Towns derive all their authority to tax their inhabitants from the statutes. If the authority to tax for a particular purpose is drawn in question, we must look to the statutes to see if it is found there, either by express terms or by clear implication. The Gen. Sts. *c.* 18, § 10, provide that towns may grant and vote such sums as they judge necessary for certain purposes specified, and " for all other necessary charges arising therein." The enforcement of the liquor law is not one of the purposes specifically named, and therefore we are to inquire whether it is within the final clause authorizing towns to raise money " for all other necessary charges arising therein." This clause is not limited to the purposes specifically enumerated in the section, or to others of the same kind. It was intended to give authority to towns to raise money whenever it was required to enable them to execute the powers or to perform the duties conferred and imposed upon them. Therefore, whenever the Legislature confers a power or imposes a duty upon towns, this clause applies and gives the towns authority to grant money which is required to enable them to execute the power or to perform the duty. *Minot* v. *West Roxbury*, 112 Mass. 1, and cases cited.

The laws confer and impose upon towns, and their selectmen as officers and agents of the towns, large powers and duties in the matter of the regulation of the sale of intoxicating liquor. A town can, at its annual meeting, determine whether licenses shall be granted for the sale of intoxicating liquor to any other than druggists or apothecaries. St. 1881, *c.* 54. If the town

votes to authorize the granting of licenses, the selectmen have the right to issue licenses, and to revoke them for cause shown. St. 1875, c. 99. This statute provides that all license fees shall be paid to the town treasurer, and that three quarters of the amount received is to be for the use and benefit of the town; that the selectmen or any police officer or constable specially authorized by them may enter the premises of any person licensed, and may take samples for analysis of any liquors kept on the premises, which the town is to pay for if the samples are found by the assayer to be of good quality and free from adulteration; and that the selectmen of towns "shall be required to prosecute to final judgment all violations of this section." It may be that where the selectmen act in a quasi judicial character, as in granting or revoking licenses, they are to be deemed officers of the public, and their action cannot be controlled by any vote of the town other than the vote at its annual meeting under the St. of 1881. But the statute imposes upon the selectmen ministerial duties which cannot be performed without labor and expense, such as visiting and inspecting the premises of persons licensed to sell, to see that their business is properly conducted and their liquors are not adulterated, and prosecuting to final judgment all violations of the act. We are of opinion that the Legislature intended to impose these ministerial duties upon the selectmen as the officers and agents of the town, and not as independent public officers. When we consider that the town is to pay for samples seized, if they prove to be unadulterated, and is to have the larger part of the license fees to its own use, that the statute makes no provision for the expenses necessarily attending the discharge of the duties required of the selectmen, and that, by the whole scope of the legislation upon the subject, the power and duty of regulating the sale of intoxicating liquor is so largely vested in the towns, the only fair inference is that these ministerial duties are imposed upon the selectmen as the agents of the town. This being so, any reasonable sums required to enable them to perform these duties are necessary charges arising in the town, to meet which the town can legally raise and grant money.

We are therefore of opinion, that the votes of the town of which the petitioners in this case complain were legal and valid.

*Petition dismissed.*