C. AUGUSTUS HIXON & others *vs.* INHABITANTS OF SHARON & another.

Norfolk.     December 7, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations.   Tree Warden.   Shade Trees.*

A town lawfully can expend money to reimburse a tree warden for money expended by him in defending unsuccessfully a suit brought against him by the town for removing guide boards from shade trees in the village square placed there by authority of the town, if in doing the acts complained of and in defending the suit the tree warden was acting in good faith in the performance of what he believed to be a public duty.

PETITION, filed April 24, 1905, by ten taxable inhabitants of the town of Sharon under R. L. c. 25, § 100, as stated in the opinion.

In the Superior Court *Richardson*, J. denied the injunction prayed for, and by consent of the parties reported the case for determination by this court. If the ruling denying the injunction was correct the petition was to be dismissed ; if not correct, a permanent injunction was to issue.

*F. G. Katzmann*, for the petitioners.

*H. F. Buswell*, for the respondent William R. Mann.

*T. E. Grover*, for the town of Sharon, submitted a brief.

KNOWLTON, C. J.   This is a petition brought by ten taxpayers of the town of Sharon, to enjoin the payment of money by the town treasurer, under a vote of the inhabitants of the town as follows : " That the town reimburse the tree warden the amount incurred in defence of the trees in the village square being used as guide posts, and $125 be appropriated for the purpose." The facts reported as the foundation of the vote are that the tree warden and deputy tree warden of the town undertook to prevent the use of certain trees in the highways and public square for the support of guide boards. A suit was brought by the town against these officers which is reported as *Sharon* v. *Smith*, 180 Mass. 539. They incurred expense in defending the suit, and the decision of the court was against them. The town having passed this vote for their reimbursement, the question is whether the vote was valid.

It may be assumed that the warden and his deputy acted in good faith in the performance of what they thought to be a public duty. They were charged with the general care of the shade trees in the public ways of the town. A suit was brought against them, founded on their official action, and it is found that they expended in the defence of this suit more than the sum now appropriated. An expenditure incurred in good faith in this way may properly be reimbursed by a town, provided that the town has a corporate right, duty or interest in the matter in respect of which the official mistake was made. *Nelson* v. *Milford*, 7 Pick. 18. *Bancroft* v. *Lynnfield*, 18 Pick. 566. *Babbitt* v. *Savoy*, 3 Cush. 530. *Fuller* v. *Groton*, 11 Gray, 340. *Lawrence* v. *McAlvin*, 109 Mass. 311. The cases in which it is

held that a town cannot expend money to reimburse its officers or agents for losses are those in which the expenditure relates to objects concerning which it has no duty to perform, no interest to protect, and no right to defend. *Vincent* v. *Nantucket*, 12 Cush. 103. *Flood* v. *Leahy*, 183 Mass. 232.

Under our statutes towns have an interest in the shade trees in public places. They may make appropriations for planting shade trees in the public ways. R. L. c. 25, § 15. The officers having the care of public ways may authorize the planting of trees in them by individual landowners. R. L. c. 53, § 6. Trees in the public ways in cities cannot be cut down or removed against the determination of the mayor and aldermen. R. L. c. 53, §§ 7, 8. Regulations of the tree warden for the care and preservation of shade trees must be approved by the selectmen. R. L. c. 53, § 12. Statutory penalties for injury to or unlawful interference with shade trees go to the use of the town. R. L. c. 53, § 13 ; c. 208, § 102. These statutes, and others, give towns an interest in shade trees in the public ways which warrants the expenditure of public money for their protection and preservation. Although the tree warden and his deputy were mistaken in their view of the law, their action, presumably, was intended for the protection of the trees, and in this respect for the benefit of the town.

We must assume that the voters in town meeting took this view of their official action, and accordingly the vote is valid.

*Petition dismissed.*