HERBERT L. LEONARD & others *vs.* INHABITANTS OF MIDDLEBOROUGH.

Plymouth.   December 4, 1907. — March 6, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Municipal Corporations.   Intoxicating Liquors.*

A town lawfully can expend money to reimburse a special police officer, who had been duly appointed by the authorities of the town as a committee to have charge of the expenditure of money appropriated by the town for the purpose of prosecuting breaches of the law with regard to the sale of intoxicating liquors, for expenses incurred by him in defending himself in an action of tort for malicious prosecution brought against him by one whom he in good faith had caused to be arrested and unsuccessfully prosecuted for breaches of such law.

PETITION, filed March 7, 1907, in the Superior Court for the county of Plymouth by ten taxable inhabitants of the town of

Middleborough under R. L. c. 25, § 100, as stated in the opinion.

The case was heard on agreed facts by *Bell*, J., who ordered the petition dismissed. The petitioners appealed and, at the request of the parties, the judge reported the case for consideration by this court.

The facts are stated in the opinion.

*G. F. Tucker*, for the petitioners.

*N. Washburn*, for the respondent.

MORTON, J. The town of Middleborough voted no license in regard to the sale of intoxicating liquors in the year 1903, and appropriated at the annual meeting in that year $500 to employ counsel and prosecute the illegal sale of intoxicating liquor in the town. One Greene, a special police officer, was duly appointed by the authorities of the town a committee to have charge of the money so appropriated. He and one Luippold, a constable of the town, arrested or caused to be arrested one O'Hara for illegally transporting intoxicating liquors into the town and for bringing intoxicating liquors into the town with intent to sell the same. O'Hara was acquitted on both complaints, and afterwards sued Greene and Luippold for malicious prosecution and false arrest. Greene and Luippold were put to expense in defending the action, and, at the annual town meeting held in March, 1907, under an article in the warrant to see if the town would vote to reimburse Greene and Luippold for the money expended by them in defending the action brought by O'Hara, the town voted to expend $200 therefor. Thereupon this petition was brought under R. L. c. 25, § 100, by more than ten taxpayers of the town of Middleborough to restrain the payment of the money so voted. The case was heard upon agreed facts and the presiding justice ordered the petition to be dismissed and reported the case to this court. If the town had no right to appropriate the money, a permanent injunction is to issue; otherwise the petition is to be dismissed.

Towns cannot raise and appropriate money except for the purposes for which, within the scope of the Legislature's constitutional powers, they are expressly or by fair implication authorized by statute to raise and appropriate it. This results from the nature of and limitations upon their powers in our scheme

of government. There is no express provision authorizing towns to raise and appropriate money for such a purpose as that for which the money was appropriated in the case before us. R. L. c. 26, § 21, in relation to the indemnification of police officers and firemen, applies to cities and not to towns. But the statute giving towns power to appropriate money provides that, in addition to the cases therein specified, towns may raise and appropriate money "for all other necessary charges arising in such town." R. L. c. 25, § 15. This has been construed to authorize a town to raise and appropriate money in respect to matters where it has a corporate duty, right or interest to perform, defend or protect. *Hixon* v. *Sharon*, 190 Mass. 347. *Flood* v. *Leahy*, 183 Mass. 232. *Vincent* v. *Nantucket*, 12 Cush. 103. The question, then, is, whether the town of Middleborough had such a corporate right, duty or interest in regard to the enforcement of the law concerning the sale of intoxicating liquors within its limits, as to warrant it in appropriating money to indemnify a special police officer and a constable who had been subjected to expense by reason of an action brought against them in consequence of complaints made by them for the purpose of enforcing the law. We think that it had.

Under the present system in regard to the sale of intoxicating liquors in this State, the question whether such liquors shall or shall not be sold in any city or town is wholly one of local determination. This is on the ground that the matter is supposed to be best dealt with as one of local concern, and that the citizens of such city or town have a special and peculiar interest in it and should therefore be left to decide it for themselves, as in the case, for instance, of what roads or streets they will have. This of itself, in view of the way in which cities and towns are or may be affected, would seem to give a town such a corporate interest in the enforcement of the law as to warrant the appropriation in question. But in *Dunn* v. *Framingham*, 132 Mass. 436, it was held that selectmen acted in the enforcement of the law relating to the sale of intoxicating liquors, not as public agents, but as agents of the town, and a vote appropriating $700 for the enforcement of the liquor law, and authorizing the selectmen to employ agents and counsel, was held valid. The reasoning of the court proceeded on the ground,

though it is nowhere so stated in terms, that the town had a corporate interest in the enforcement of the law. Amongst other things that were said, reference was made to the fact that, in case licenses were granted in a town, the town would take the larger part of the license fees for its own use, showing that the towns were regarded by the court not merely as political divisions, but as having corporate interests of their own in the enforcement of the law. So far as appears from an examination of the papers in that case, no licenses had been granted by the town, and the case must be regarded, we think, as decisive of this. If the town had a corporate interest to protect, and the voters deemed that the action of Greene and Luippold was intended to benefit the town, it is settled that the town had a right to indemnify them even though they were mistaken in their view of the law and the facts in regard to the complaints which they made. *Hixon* v. *Sharon, supra.* It does not appear that they did not act in good faith. It is not contended that the vote appropriating $500 to employ counsel and prosecute the illegal sale of intoxicating liquors was invalid. The result is that the bill must be dismissed.

*Bill dismissed.*