Coös,
June 28, 1912.

GILBERT *v*. BERLIN.

The police commissioners of Berlin are not agents or servants of the city, but public, governmental officers, over whom the municipality has no control and for whose conduct it is not responsible; and if they are charged with official misconduct, the city is not under an implied obligation to indemnify them for the expenses incurred in a defence, nor can it be made liable therefor by vote of the city council.

The statutory provision that the necessary expenses of the police commissioners of Berlin shall be paid by the city (Laws 1905, *c.* 160, *s.* 4) renders the municipality liable for expenses incurred in the performance of official duty, but not for those incurred by the commissioners in defending themselves against charges of misconduct.

ASSUMPSIT, to recover $12.32 paid for 616 miles travel from Berlin to Concord and $14 paid for hotel charges. Trial by the court. Transferred from the December term, 1911, of the superior court by *Pike*, J., on an agreed statement of facts.

The items of expense which the plaintiff seeks to recover were incurred in attending a hearing before the governor and council in December, 1909. The plaintiff was then a member of the board of police commissioners of the city of Berlin, having been appointed under chapter 160, Laws of 1905. September 30, 1909, charges were preferred by the city council of Berlin against the police commissioners. The seventh and eighth charges alone concerned the plaintiff and were as follows: "7th: That the said police commissioners neglected to raid certain places in said Berlin after having been so requested, making it necessary for private individuals to take steps to secure evidence of violations of the criminal laws. 8th: That

said police commissioners illegally issued orders relative to certain places in said Berlin, concerning the sale of intoxicating liquors."

November 22, 1909, the city council passed the following resolution:

"Whereas, on the 30th day of September, 1909, by vote duly authorized, the city council preferred certain charges of official misconduct against the police commissioners of the city of Berlin, to His Excellency, the Governor of the state of New Hampshire; and

"Whereas, the governor has appointed December 1, 1909, at the council chamber in Concord, New Hampshire, as the time and place of hearing evidence in support of said charges; and

"Whereas, in order to offer evidence in support of said charges, it will be necessary for the city to summon witnesses to attend said hearing, and employ counsel to assist the city solicitor in presenting said evidence and in looking after the interest of the city in all matters pertaining to said hearing; therefore

"Be it resolved, that the expense of summoning witnesses and all other expenses connected with said hearing be defrayed from the miscellaneous appropriation of the said city.

"Be it further resolved, that the presentation of the city's interests be left with the solicitor, and he be, and hereby is, authorized and instructed to employ such additional counsel as may be deemed necessary by him."

The plaintiff was duly notified by the governor and council of the charges and that a hearing thereon would be had before them at Concord on December 1, 1909. A hearing was begun on that date and adjourned to December 28, when it was completed. The plaintiff attended both hearings and in so doing incurred the items of expense which are the subject of suit. He was not summoned as a witness on behalf of the city, but appeared in answer to the notification from the governor and council. The charges were not sustained.

*Goss & James* (*Mr. Goss* orally), for the plaintiff.

*Matthew J. Ryan* (by brief and orally), for the defendants.

BINGHAM, J. The plaintiff, a police commissioner of the city of Berlin, brings this action against the city to recover certain items of expense incurred by him in attending a hearing before the governor and council upon charges preferred by the city council against him and his associates, asking for their removal from office because of

official misconduct. The plaintiff did not attend the hearing as a witness for the city, but at his own instance and in response to a notice of the hearing given him by the govenor and council. The charges were not sustained.

The plaintiff bases his right to recover (1) upon a vote of the city council providing that "the expense of summoning witnesses and all other expenses connected with said hearing be defrayed from the miscellaneous appropriation of said city," and (2) upon section 4, chapter 160, Laws of 1905 (the act creating the board of police commissioners of Berlin), which, after fixing the salaries of the police commissioners, provided that "all the above salaries, as well as the necessary expenses of the commissioners, . . . be paid monthly by said city of Berlin, and . . . be in full for all service rendered." A proper consideration of this case, however, involves also an examination of certain other questions in addition to those raised by the plaintiff, namely: (1) Whether the commissioners in the performance of their official duties were the agents and servants of the city, so that it could by vote agree to indemnify them for expenses incurred in defending themselves, or such an agreement could be implied or inferred; and (2) if they were not its servants or agents, whether the city, as a corporation, had such a duty to perform, right to defend, or interest to protect in the subject-matter with respect to which their official acts were called in question, that the city could ratify and adopt them as its own and agree to indemnify the commissioners for such expenses.

A tax collector, in collecting taxes raised by a town, has been held to act by the authority of the town and as its agent, who may be indemnified by a vote of the town or the agreement of its selectmen for the costs and expenses of defending actions brought against him for acts done in the performance of such duties. *Pike* v. *Middleton,* 12 N. H. 278; *Merrill* v. *Plainfield,* 45 N. H. 126; *Lawrence* v. *McAlvin,* 109 Mass. 311.

A selectman, in assessing a tax upon property of its inhabitants pursuant to a vote of a town, has been held not to act by the authority of the town and as its agent, or as the agent of any principal, but as a public officer in the discharge of an official duty. *Wadsworth* v. *Henniker,* 35 N. H. 189, 194. In that case there was no vote or express agreement of indemnity. The court, however, assumed (the town having a direct interest in the collection of the town tax) that the plaintiff could recover from the town the costs and damages he had been required to pay to a person whose prop-

erty had been distrained for the tax, if the town impliedly agreed to indemnify him; but inasmuch as the plaintiff in assessing the tax acted as a public official and not as an agent of the town, it was held that no indemnity agreement could be implied or inferred from the relationship, and that he could not recover.

In *Gove* v. *Epping*, 41 N. H. 539, the plaintiff, a selectman of the town, sought to recover costs and expenses incurred in defending himself against charges of alleged misconduct in regulating the check-list. Here there was a vote or agreement by the town to indemnify the selectmen for the costs and expenses thus incurred, they having been acquitted of the charges. It was held: (1) That in correcting the check-list the plaintiff acted, not as an agent or servant of the town, under its direction and control, but in an official and judicial capacity; (2) that notwithstanding the vote or promise of the town, the plaintiff could not recover the indemnity; that the vote was void, in that the town had no authority to raise and appropriate money for the benefit of "officers who have sustained losses or incurred liabilities, in the performance of official duties which do not concern the rights or obligations of the town"; that the test of the right of a town to vote indemnity to a person is not whether he "holds a town office, or any other office," but whether "he was properly authorized by the town to do the act, or whether the act was any part of the business or duty of the town, or one in which the town, as a corporation, is so interested that it may ratify and adopt it"; that "votes and contracts of towns are valid when they relate to objects concerning which they have a duty to perform, an interest to protect, or a right to defend"; that a " town, in its corporate capacity, has no right, interest, or duty whatever" in the correction of the check-list; and that "if the selectmen perform their duty in correcting it, the town gains nothing, and if the selectmen neglect their duty, the town is subject to no loss, penalty, or liability."

In *Merrill* v. *Plainfield*, 45 N. H. 126, the facts were substantially the same as in *Gove* v. *Epping*, *supra*, and the decision in that case was approved. It was there held that the interest which would warrant a town in indemnifying its officers must be a direct pecuniary interest in the act done or to be done. In reaching this conclusion the court said: "Nor is there any fact stated in the answer in this case which can affect the result. Upon the facts as stated, the interest of the town is altogether too remote and uncertain. . . . It must be some direct pecuniary interest in the act done or to be

done, that warrants the town in indemnifying its officers against criminal prosecutions for alleged misconduct. In the correction of the check-list the town as such has and can have no duty to perform, no right to defend, and no direct interest to protect." See, also: *Hixon* v. *Sharon*, 190 Mass. 347; *Flood* v. *Leahy*, 183 Mass. 232.

The police commissioners of Berlin "are not the agents of the city. They are public governmental officers over whom the city has no control, and for whose conduct it is not responsible." *Gibbs* v. *Manchester*, 73 N. H. 265, 269. As they are not the servants or agents of the city, no agreement on its part to indemnify them could be inferred or implied because of the relationship. If the commissioners perform their duty with respect to the enforcement of the liquor laws of the state, the city gains nothing, and if they neglect their duty, it is subjected to no loss, penalty, or liability. In their enforcement, therefore, it would seem that the city in its corporate capacity was not concerned, and could not legally ratify or adopt the acts or conduct of the commissioners as its own, or agree to assume the burden of aiding them in defending themselves against charges of misconduct.

In New York, it is held that "when a citizen accepts a public office he assumes the burden of defending himself against unfounded accusations at his own expense," and that a legislative enactment purporting to authorize a city or town to defray such expenses is illegal and void. *Chapman* v. *New York*, 168 N. Y. 80, 86; *Matter of Straus*, 44 N. Y. App. Div. 425. It is unnecessary for us to go to this extent in the decision of this case, for neither section 4, chapter 160, Laws of 1905, nor the vote of the city council, contemplates the payment of the expenses here sought to be recovered. The only expenses provided for in section 4 are those incurred in the performance of official duty—not those incurred by the commissioners in defending themselves against charges of official misconduct; and the vote of the city council has reference to expenses incurred by the city in prosecuting the charges—not those incurred in defending against them.

*Case discharged.*

All concurred.