JOHN WHITE *vs.* INHABITANTS OF LEVANT.

Penobscot. Opinion June 16, 1885.

*U. S. pension. Town officer. Fees for service of subpœnas. Constable.*

Where a person while holding the offices of selectman, overseer of the poor, and town agent, obtained a United States pension for one of his town's paupers, and in pursuance of a previous agreement with the pensioner, appropriated the back pay towards the pensioner's indebtedness to the town for past support, which sum, the pensioner, by an action at law, subsequently recovered from the officer. *Held,* that the officer cannot maintain an action against the town for services, expenses and disbursements in defending the action against him by the pensioner, nor in successfully defending an indictment in the United States court for the taking such money in violation of U. S. R. S., § 5485.

A party cannot charge fees for serving subpœnas on witnesses.

A constable cannot charge fees for serving subpœnas on witnesses outside of his town.

ON exceptions by both parties and motion of the defendant to set aside the verdict.

Assumpsit on account annexed which embraced many items of services and disbursements, aggregating seven hundred fifty-one dollars and twenty-three cents, and they were thus classified at the trial: Amount relating to the "Morey case," one hundred thirty-two dollars and three cents, this sum embraced the fees of the plaintiff as a constable of Levant for summoning witnesses, twenty-four dollars eighty cents, a part of whom resided in other towns. Amount relating to the case of "*Smart* v. *White*," two hundred forty-nine dollars fifty-eight cents; and amount relating to "*U. S. by indictment* v. *White*," three hundred sixty-nine dollars and sixty-two cents. The presiding justice ruled and instructed the jury, that the last named sum could not be recovered in this action and to this ruling the plaintiff alleged exceptions. The verdict was for the plaintiff in the sum of three hundred forty-six dollars and fifty-two cents, and the defendants moved to set that verdict aside as against law. The defendants also alleged exceptions to certain rulings and instructions.

The opinion states the material facts.

*Barker, Vose and Barker,* for the plaintiff, cited upon the first class of items (the Morey case): *Dennett* v. *Nevers,* 7 Maine, 399; *Industry* v. *Starks,* 65 Maine, 167; *Portland* v. *Bangor,* 42 Maine, 403.

As bearing on the Smart case: *Clinton* v. *Benton,* 49 Maine, 550; *Foxcroft* v. *Corinth,* 61 Maine, 559; *Fayette* v. *Livermore,* 62 Maine, 229; *Gregory* v. *Bridgeport,* 19 Am. R. 485; *State* v. *Hammonton,* 20 Am. R. 405; *Bancroft* v. *Lynnfield,* 18 Pick. 566; *Fuller* v. *Groton,* 11 Gray, 340; *Hadsell* v. *Hancock,* 3 Gray, 527; *Augusta* v. *Leadbetter,* 16 Maine, 45; *Woodcock* v. *Calais,* 66 Maine, 234; 21 Vt. 129; 129 Mass. 558.

In support of plaintiff's exceptions, counsel contended that the criminal prosecution against the plaintiff in the United States court was for the purpose of obtaining the money which was sought to be recovered in the civil suit, and was defended in the interests of the town since that money was in the town treasury. That all these expenditures were reported to the

town year after year by the selectmen, and if the town had any objection to offer or criticism to make they should have then made it known, and their silence must be deemed a ratification, a unanimous ratification.

"There may be occasion when a town should act or speak, or when it does speak by force of circumstances," *Otis* v. *Stockton,* 76 Maine, 506.

*Jasper Hutchins* and *Charles Hamlin,* for the defendants, cited upon the question raised by the plaintiff's exceptions: *Butler* v. *Milwankie,* 15 Wis. 493 ; *Gove* v. *Epping.* 41 N. H. 539, and upon the questions raised by defendants' motion and exceptions, *Smart* v. *White,* 73 Maine, 332 ; *Walcott* v. *Frissell,* 134 Mass. 1 ; *Denny* v. *Dana,* 2 Cush. 160 ; U. S. R. S., § § 4745, 4747, 4768, 4769, 4785,. 4786, 5485 ; *Stebbins* v. *Leowolf,* 3 Cush. 137 ; Story's Agency, § 346 ; *Wadsworth* v. *Heumker,* 35 N. H. 189 ; Dillon, Mun. Corp. § § 770, 772 ; *Small* v. *Danville,* 51 Maine, 359 ; *Buttrick* v. *Lowell,* 1 Allen, 172 ; *Mitchell* v. *Rockland,* 52 Maine, 118 ; *New Bedford* v. *Taunton,* 9 Allen, 209 ; *Woodcock* v. *Calais,* 66 Maine, 234 ; *Hill* v. *Boston,* 122 Mass. 344 ; *Herzo* v. *San Francisco,* 33 Cal. 134 ; Freeman, Judgments, § § 253, 259 ; Wharton, Ev. § 836 ; *Fox* v. *New Orleans,* 12 La. Ann. 154.

VIRGIN, J. While chairman of the boards of selectmen and overseers of the poor, and agent of Levant, the plaintiff assisted one Mrs. Smart (for many years supported as a pauper by the defendants) in obtaining her pension, under an agreement with her that the back pay which might be recovered should be appropriated toward her indebtment for support. When the pension check came, the pensioner at first repudiated the agreement; but finally · accepted fifty dollars as an inducement to appropriate the balance of the back pay as originally agreed.

On July 5, 1880, the plaintiff paid the balance of the pension money ($164.42) into the town treasury to the credit of the pauper fund, from which there were subsequently drawn, on town orders, ten dollars by the attorney who prosecuted the

pension claim, two dollars by the justice and fifty-six dollars by this plaintiff.

On July 12, 1880, the pensioner sued the plaintiff for the recovery of her pension money and at the April term 1881, obtained a verdict therefor. The case went to the law court on motion and exceptions which were overruled (73 Maine, 332). The execution which issued on the judgment ($193.46) was paid on May 15, 1882, by a town order, but without any vote of the town.

The plaintiff now seeks, *inter alia*, to recover from the town payment for his personal services and expenses, summoning witnesses and fees paid them and for fees paid to his counsel, in the action of Mrs. Smart against him; and the jury, under the instructions of the presiding justice, rendered a verdict therefor which the defendants now move may be set aside as being against law.

Our opinion is that so much of the verdict as includes fees for the plaintiff personally serving subpœnas on witnesses is without authority of law. There is no statute authority for a party personally to serve a subpœna on his own witnesses or to charge fees for such service.

Again the action of *Smart* v. *White*, was for the recovery of money obtained from U. S. pensioner in violation of a penal statute. This court has adjudged that the money was illegally in this plaintiff's hands; that the rule of *respondeat superior* did not apply; that this plaintiff was the active and efficient party in perpetrating the wrong; and that the fact that before the action was brought he paid the money to the town would not screen him.

We are of the opinion also that the plaintiff cannot recover for any services rendered or money paid in the defence of that action.

This case does not come within the rule of that class of cases which hold that a town may expressly indemnify its officers against liabilities incurred by them in the *bona fide* discharge of their official duties, as in the case of an assessor in the assessment of taxes (*Nelson* v. *Milford*, 7 Pick. 18); or of a surveyor in

repairing a highway (*Bancroft* v. *Lynnfield*, 18 Pick. 568) ; or of a committee, against a judgment in favor of a pew-owner, for removing a meeting-house and out of its materials constructing a town-house (*Hadsell* v. *Hancock*, 3 Gray, 527) ; or a school-committee for expenses in successfully defending an action for libel alleged to be contained in an official report made by them in good faith (*Fuller* v. *Groton*, 11 Gray, 340) ; or of a school committee in defending an action for an alleged seizure and asportation of certain school registers (*Babbitt* v. *Savoy*, 3 Cush. 530) ; or of a collector of taxes for costs and expenses in defending actions against him for acts done in the *bona fide* performance of his official duties (*Pike* v. *Middleton*, 12 N. H. 278) ; for the defendants never voted any indemnity, and the services were rendered and expenses incurred in defending acts entirely foreign from any discharge of official duties.

This case comes rather within the class of cases which hold that a " town, in its corporate capacity will not be bound, even by an express vote of a majority, to the performance of contracts or other legal duties not coming within the scope of the objects and purpose for which it is incorporated." *Anthony* v. *Adams*, 1 Met. 284; *Vincent* v. *Nantucket*, 12 Cush. 103; *Minot* v. *W. Roxbury*, 112 Mass. 5; *Westbrook* v. *Deering*, 63 Maine, 231. It is no part of the duty of towns or town officers to obtain pensions for its paupers. And if town officers see fit to indulge in such an avocation for the ultimate purpose of securing an appropriation of the pension money to the pauper's indebtment to the town, and thereby involve themselves in law suits, the law will not allow them to involve the town to recover for the services and expenses of such an unsuccessful speculation.

We think, therefore, that the verdict is against law so far as it includes anything charged for the Smart case, and also for anything by way of fees for serving subpœnas out of the town of Levant in the Morey case.

The plaintiff's exception to the ruling of the presiding justice instructing the jury not to consider the items of the plaintiff's bills charged in connection with the criminal prosecution, must be overruled. *Gove* v. *Epping*, 41 N. H. 539; *Merrill* v. *Plainfield*, 45 N. H. 126.

Therefore unless the plaintiff remit so much of the verdict as the parties agree comprise the illegal items mentioned in this opinion, the motion must be sustained and a new trial granted. Otherwise motion and exceptions overruled.

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.