EUNICE M. TYLER *vs.* INHABITANTS OF REVERE.

Suffolk.    November 18, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Municipal Corporations.*

A town is not liable for an injury to land from water flowing upon it by reason of the opening of a culvert by its superintendent of streets, under direction of the selectmen, on the land of a third person not within the limits of a highway.

TORT for damages alleged to have been caused by the drainage of surface water from the north side of Revere Street in the defendant town upon the land of the plaintiff upon the south side of that street. Writ dated September 9, 1898.

At the trial in the Superior Court before *Mason*, C. J., the plaintiff offered to prove that there had been an old culvert across the street, when the land on both sides of the street was owned by one Coolidge and used by him as a farm; that when the farm was sold to one McCann and cut up into house lots the culvert was closed up, causing the surface water to collect in a large quantity covering several acres on the north side of the street, and that the defendant also conducted into the space so covered the surface water from Revere Street itself; that by direction of the selectmen of the defendant its superintendent of streets opened the culvert and the accumulated water ran upon the lot adjoining the plaintiff's premises, and from thence on to her land and under her house, making it uninhabitable.

The judge ruled, that upon the facts offered to be proved the action could not be maintained, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*P. A. Bridgham*, for the plaintiff.

*S. R. Cutler*, (*H. W. James* with him,) for the defendant.

LATHROP, J.   The plaintiff's land did not abut upon the highway.   It was admitted by the plaintiff's counsel at the argument that the act of the superintendent of streets which is complained of was done on the land of a third person.   If this is so, the town is not liable for an act done outside the limits of the highway.   *Anthony* v. *Adams*, 1 Met. 284.   *Elder* v. *Bemis*, 2 Met. 599.   See also *McCarthy* v. *Boston*, 135 Mass. 197.

If the act was performed by the superintendent of streets within the limits of the highway, and was done in repairing the streets or in caring for them, his act was that of a public officer, for whose negligence the town would not be liable in an action of tort.   *Benjamin* v. *Wheeler*, 8 Gray, 409.   *Denniston* v. *Clark*, 125 Mass. 216.   *Barney* v. *Lowell*, 98 Mass. 570.   *Clark* v. *Easton*, 146 Mass. 43.   *Murphy* v. *Needham*, 176 Mass. 422.

While the bill of exception states that the town conducted surface water into the space on the north side of the street which was already covered by surface water accumulated by the closing of the culvert, we do not understand that the plaintiff deems this the wrongful act for which she seeks to recover damages; but the wrongful act complained of is the opening of the culvert by the superintendent of streets, for which we are of opinion that the plaintiff has not stated sufficient facts to entitle her to recover.   We therefore do not consider it necessary to determine under what circumstances a town can be held liable for injury done to the land of another by surface water.   See *Flagg* v. *Worcester*, 13 Gray, 601; *Hewett* v. *Canton*, 182 Mass. 220.

*Exceptions overruled.*