FRANK DUCEY _vs._ INHABITANTS OF WEBSTER.

Worcester.   January 3, 1921. — March 2, 1921.

Present: RUGG, C. J.; DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

_Municipal Corporations,_ Authority to operate hospital ambulance.

Neither by statute nor by implication has power been given to a town to purchase an ambulance and place it in charge of its selectmen to be used for the general conveyance of its inhabitants to hospitals outside the town whenever occasion should require and without the payment of a special charge therefor.

A town in its corporate capacity is not liable for a tort committed under the supposed authority of an illegal and void vote of the town.

One injured by an ambulance, operated by the selectmen of a town in accordance with a void vote of the town to carry its inhabitants without charge to hospitals outside the town as occasion might require, cannot maintain an action against the town for such injuries.

TORT for personal injuries received when the plaintiff was run into by an ambulance being driven by a servant or agent of the defendant.   Writ dated November 23, 1917.

In the Superior Court the action was tried before _Hammond,_ J. Material evidence and the substance of special findings of the jury are described in the opinion.   The judge, without a general verdict being taken, under St. 1913, c. 716, § 2, reported the action to this court for determination, with the stipulation that if, upon the facts and answers, the plaintiff was entitled to a verdict, then judgment should be entered for the plaintiff in the amount of $600; and if, upon said facts and answers, a verdict should have been ordered for the defendant, then judgment should be entered for the defendant.

The case was submitted on briefs.

_R. B. Dodge & W. J. Taft,_ for the plaintiff.

_C. Haggerty,_ for the defendant.

CARROLL, J.   The plaintiff, a traveller on a public way, was run into and injured by an automobile ambulance owned by the defendant and operated by one of its agents.   The ambulance was "purchased and put in charge of the selectmen of Webster by a vote or votes regularly passed in the town meeting;" and was

used "by the town in conveying the inhabitants thereof to hospitals outside the town whenever occasion required, which service was free to residents of Webster." It was also used to carry passengers from surrounding towns, a charge being made for such services. When the plaintiff was injured, the ambulance was returning from Worcester where it had carried a patient, a resident of Webster. The jury found specially that the sole cause of the injury to the plaintiff was negligence of the driver of the ambulance, and the case is before this court on a report by the trial judge.

The powers of municipalities are special, and are restricted to the public purposes for which they are created. · The authority of a town to appropriate money is derived from the statutes, and the expenditure of public funds is limited to the public purposes sanctioned by law. *Agawam National Bank* v. *South Hadley,* 128 Mass. 503. *Wheelock* v. *Lowell,* 196 Mass. 220, 223. If the defendant town was not authorized under the statutes of this Commonwealth, to purchase the ambulance and to operate it for the purposes shown in the record, its use was not for a public purpose and the town exceeded its corporate power.

A town may erect and maintain a hospital for the reception of persons who require relief during temporary illness. St. 1915, c. 143. It may establish hospitals within its limits for the treatment of diseases dangerous to the public health. R. L. c. 75, § 35. St. 1912, c. 151. St. 1914, c. 792. St. 1916, c. 286, § 15. It may also contract for the care and treatment by hospitals in the town or in the vicinity thereof of persons who by misfortune or poverty require relief. R. L. c. 25, § 14. St. 1902, c. 544, § 6. St. 1918, c. 291. And a town may at a legal meeting appropriate money for all necessary· charges. R. L. c. 25, § 15. Charges are necessary under this statute when there is a right to defend or an interest to protect, or where a duty arises from the exercise of the power conferred. *Minot* v. *West Roxbury,* 112 Mass. 1. *Waters* v. *Bonvouloir,* 172 Mass. 286. See *Leonard* v. *Middleborough,* 198 Mass. 221. But no· authority is expressly given to towns to operate an ambulance for the general conveyance of the sick and injured who may require hospital treatment; and no such power can be implied, even if we assume, without deciding, that it may be at times necessary to provide by suitable means for the con-

veyance of patients to or from a municipal hospital established
by the town, or to or from a hospital for the treatment of diseases
dangerous to the public health, or for the conveyance to a hospital
in a neighboring city or town of poor people who require relief
and who because of misfortune are unable to pay; and, also, that
it may be a proper charge for which the town can appropriate
money. The record in the case at bar does not show that it was
intended that the ambulance should be so employed. All that
appears is that it was put in charge of the selectmen by vote of
the town, and was used for carrying its inhabitants to hospitals
outside the town when occasion required.

There is no statute which permits a town to expend the public
funds for the purchase and operation of an ambulance for the
general use of the inhabitants in case of sickness, when they are
able to pay for their conveyance and are not dependent on the
public for support. On the record, this was the use to which the
ambulance was put; its use was not limited to the transportation
of the poor or indigent, or of those afflicted with a disease danger-
ous to the public health; and it does not appear that the town of
Webster conducted a municipal hospital. It follows from this
that the operation of the ambulance was beyond the defendant's
corporate powers, and was not a necessary charge for which the
money of the taxpayers could be appropriated.

It is the established law of this Commonwealth that the in-
habitants of a town in their corporate capacity are not liable for
a tort committed under the supposed authority of an illegal and
void vote of the town. This has been frequently decided. Where
drains and sewers were constructed, not in the manner authorized
by statute, but by vote of the town, it was held that the town was
not liable for damages resulting from the work, *Lemon* v. *Newton*,
134 Mass. 476; so, when the town voted instructing the selectmen
to construct a drinking trough in the public highway, *Cushing* v.
*Bedford*, 125 Mass. 526; and when an act of the superintendent of
streets was done under the authority of the selectmen, and a cul-
vert opened on the land of a third person, whence water ran on
to the plaintiff's land, it was held that the town was not liable,
*Tyler* v. *Revere*, 183 Mass. 98. As was said by Chief Justice Shaw,
in *Anthony* v. *Adams*, 1 Met. 284, 285, 286: "But where indi-
viduals, although professing to act under color of authority from

municipal corporations, do acts which are injurious to others, if the objects and purposes which they propose to accomplish, are not within the scope of the corporate powers of towns, and not done in the execution of any corporate duty imposed upon the town by law, the town is not liable for the damages occasioned by such acts." See *Donohue* v. *Newburyport,* 211 Mass. 561. For further illustrations of the principle see *McCarthy* v. *Boston,* 135 Mass. 197; *Cavanagh* v. *Boston,* 139 Mass. 426; *Swift* v. *Falmouth,* 167 Mass. 115; *Smith* v. *Stoughton,* 185 Mass. 329; *Pinkerton* v. *Randolph,* 200 Mass. 24, 28.

On the record in this case, the operation of an automobile ambulance could not be held to be incidental to powers of the town, see *Neff* v. *Wellesley,* 148 Mass. 487, or sanctioned by long established usage, *Willard* v. *Newburyport,* 12 Pick. 227, *Hood* v. *Mayor & Aldermen of Lynn,* 1 Allen, 103, *Minot* v. *West Roxbury,* 112 Mass. 1, 5; nor does the case fall within the recognized rule holding a municipality responsible for injuries when it has undertaken a work under the law, but incidentally and in part for profit. *Neff* v. *Wellesley, supra. Collins* v. *Greenfield,* 172 Mass. 78. *Duggan* v. *Peabody,* 187 Mass. 349, 350. See *Bolster* v. *Lawrence,* 225 Mass. 387, where the cases are collected.

As the defendant had no authority to purchase and operate the ambulance for the purposes for which it was used, it cannot be held in damages for the negligence of its servants or agents; and according to the terms of the report, judgment is to be entered for the defendant.

*So ordered.*