FRANK DUCEY *vs.* GEORGE J. BRUNELL & others.

Worcester. September 22, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Public Officer. Municipal Corporations,* Officers and agents, Responsibility for tort of employee in doing an act ultra vires the municipality. *Agency,* Existence of relation. *Actionable Tort.*

The selectmen of a town, in whose charge a motor ambulance had been placed by vote of the town, passed votes to receive it, to house it in a specified garage, and to appoint a first driver and an assistant driver; that citizens of the town should have free use of it and neighboring towns could use it on the payment of certain charges; fixing the pay of the drivers and ordering that calls should be made directly to the drivers and that out of town calls should be made by a responsible person. While the ambulance was returning from a trip to another city for the transfer of a patient to a hospital, a traveller on the highway was injured through negligence of the driver. There was nothing to indicate that the selectmen had any personal motive in the maintenance of the ambulance or any evil intent against the person injured. The drivers were paid by the town. In an action by the person injured against the selectmen as individuals, it was *held,* that

(1) The driver was in no sense the servant or agent of the defendants or in their employ;

(2) Public officers are not personally responsible under the doctrine *respondeat superior* for misconduct of persons whom they as officers employ for the performance of duties which enure in no sense for the private benefit of such officers;

(3) The defendants committed no act of personal misfeasance with respect to the plaintiff;

(4) The wrong against the plaintiff not being the tort of the defendants personally nor of their servants, agents or employees, they could not be held liable therefor as individuals.

TORT for personal injuries, the plaintiff in his declaration alleging that the " defendants, by their agent or servant, negligently and carelessly drove an automobile on a public way . . . and that by reason of the careless and negligent handling of said automobile was driven against the defendant [*sic*] and inflicted bodily injuries from which the plaintiff has suffered . . . ." Writ dated April 23, 1921.

In the Superior Court, there was an agreed statement of facts. Material facts are described in the opinion. The action was heard by *Irwin*, J., without a jury. There was a finding for the plaintiff in the sum of $699.50. The defendants alleged exceptions.

*J. A. Love*, for the defendants.

*R. B. Dodge*, for the plaintiff.

RUGG, C.J. This is an action to recover compensation for personal injuries sustained by the plaintiff while a traveller on a public way through being struck by an automobile ambulance owned by the town of Webster and driven by William G. Haggerty. The plaintiff brought an action against the town, on this same cause of action, in which it was decided that there could be no recovery because the operation of the ambulance was *ultra vires* the town. *Ducey* v. *Webster*, 237 Mass. 497.

The case is now submitted upon agreed facts in substance as follows: The present defendants were the selectmen of the town of Webster in 1917 at the time when the plaintiff sustained his injuries. They had no interest in the ambulance except as officers of the town acting pursuant to certain votes. The ambulance was purchased in accordance with a vote of the town passed in 1911 from which it appears that a part of its price was contributed from private sources, the rest having been paid by the town. Votes were passed by the town appropriating money for the maintenance of the ambulance, declaring that its use should be free to inhabitants of the town, and upon charge to inhabitants of an adjacent town. It was under the control of the board of health of the town prior to 1917. In that year before the injury to the plaintiff, it was by vote of that board turned over to the board of selectmen. The latter board passed

votes to receive the ambulance, to house it in a specified garage and to appoint a first driver and an assistant driver, the latter being Haggerty, who was operating it at the time the plaintiff was injured. Votes were passed by the selectmen as to free use of the ambulance by citizens of the town, as to charges for its use to neighboring towns and as to pay of the drivers of the ambulance. It also was voted that all ambulance calls be made direct to the drivers and that all out of town calls be made by a responsible person. At the time of the injury to the plaintiff, the ambulance was returning from a trip for the transfer of a patient to a hospital in the city of Worcester. Haggerty was paid by the town of Webster.

It was conceded that the plaintiff was in the exercise of due care and that his injuries were caused by the negligence of the driver of the ambulance. The amount has been agreed, for which judgment is to be entered if the plaintiff is entitled to recover. The only question for decision is whether the defendants are liable for the negligence of the driver of the ambulance on the occasion in question.

The defendants as selectmen do not appear to have given any specific directions as to the use of the ambulance or as to its operation. They did nothing by way of personal misfeasance contributing to the injury of the plaintiff. They did not buy the ambulance. They found it as a thing of value, title to which was in the town. Even before the definite mandate of St. 1920, c. 591, § 11, now G. L. c. 40, § 3, to the effect that all real and personal property of the town shall be under the control of selectmen in the absence of other provision by law or vote, the selectmen were required under their general duty to care for property of the town not in the custody of other town officers by law, vote or custom. It therefore was their duty to take care of the ambulance when the board of health declined to have anything further to do with it. There is nothing in this record to warrant an inference that the defendants intended to act with respect to the ambulance in any private capacity or in any other relation than as selectmen. There is nothing to indicate that in truth they had any purpose other than to serve the public

interest, or that they had any personal motive. They had no evil intent against the plaintiff. The driver of the ambulance at the time of the plaintiff's injury was not being paid by the defendants. He was not acting under their personal direction. He was driving the ambulance in his own way and according to his own conceptions of his obligations. No one of the defendants was present at the time of the plaintiff's injury, or had given any order respecting the errand on which the ambulance was at that time being used. Apparently the driver received the call requesting the use of the ambulance and followed his own judgment in responding to it and selecting his own route. Plainly the defendants had no private or personal interest in the ambulance.

A public officer is liable for any tort of active misfeasance personally committed by him while acting in the discharge of his ministerial duties as such and not as the special agent of the municipality, although the municipality in the absence of special statute may not be liable therefor. *Moynihan* v. *Todd,* 188 Mass. 301. *Barry* v. *Smith,* 191 Mass. 78. *Johnson* v. *Somerville,* 195 Mass. 370. *Pinkerton* v. *Randolph,* 200 Mass. 24. *Smith* v. *Gloucester,* 201 Mass. 329, 333. *Bolster* v. *Lawrence,* 225 Mass. 387. *Burroughs* v. *Rane,* 241 Mass. 1. *Brown* v. *West,* 75 N. H. 463.

The driver of the ambulance was in no sense the servant of the defendants or in their employ. He did not act in their behalf or on their credit. He did not receive his pay from them but from the town. The relation of principal and agent did not arise between the selectmen and the driver of the ambulance even though there was lack of authority on the part of the selectmen to bind the town with respect to the ambulance. Public officers are not responsible under the doctrine of *respondeat superior* for the misconduct of those employed in the performance of duties, which enure in no sense for the private benefit of such officers. The persons guilty of positive acts of misfeasance are liable.

The defendants committed no act of personal misfeasance with respect to the plaintiff.

The wrong against the plaintiff was not the tort of the defendants, or of their servant or agent, therefore they cannot be held liable to the plaintiff. The case at bar is governed by *Brown* v. *Wimpenny,* 239 Mass. 278, *Skerry* v. *Rich,* 228 Mass. 462, *Lajoie* v. *Milliken,* 242 Mass. 508, *Witham* v. *Gregory & Read Co.* 243 Mass. 595. See *Roosen* v. *Peter Bent Brigham Hospital,* 235 Mass. 66, 71, 72.

The present case is distinguishable from *Wamesit Power Co.* v. *Allen,* 120 Mass. 352, *Brigham* v. *Edmunds,* 7 Gray, 359, *Nowell* v. *Wright,* 3 Allen, 166, and like authorities, because in all those decisions the public officers had personally directed the performance of the specific wrong of which complaint was made. Those authorities as well as *Moynihan* v. *Todd,* 188 Mass. 301, 305, in their application to the facts of the case at bar hold that the driver of the ambulance would be liable to the plaintiff but that the defendants are exonerated.

*Exceptions sustained.*