ARNOLD ADAMS & others *vs.* SELECTMEN OF NORTHBRIDGE
& others.

Worcester.   September 22, 1925. — October 14, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* Suit by ten taxable inhabitants.   *Municipal Corporations,* Officers and agents: power of selectmen as to police.   *Police.*

In a bill in equity by ten taxable inhabitants of a town under G. L. c. 40, § 53, to restrain alleged illegal expenditures contemplated by the selectmen, allegations and prayers relating to expenditures already made need not be considered.

St. 1920, c. 591, §§ 22-26, (now G. L. c. 41, § 97,) did not repeal and is not inconsistent with R. L. c. 25, § 94, (now G. L. c. 41, § 96).

Under G. L. c. 41, § 96, it is proper for selectmen of a town, which has not accepted the provisions of G. L. c. 41, § 97, or of St. 1920, c. 591, §§ 22-26, to maintain a police force and appoint and pay a chief of police from funds duly appropriated at a town meeting to be expended under the direction of the selectmen for the support of a police force.

BILL IN EQUITY, filed in the Superior Court on August 6, 1925, and afterwards amended, by thirteen inhabitants of the town of Northbridge to restrain the selectmen of that town from certain alleged illegal expenditures for a police force.

·The defendants demurred to the bill as amended on the following grounds:

"1. The bill and amendment do not set out in terms any unlawful act or omission by the defendants or by the town of Northbridge, which entitles the plaintiffs to the relief prayed for.

"2. The plaintiffs are guilty of laches.

"3. The plaintiffs do not sufficiently allege any unlawful acts of the board of selectmen or other officers of the town for the year 1925, which entitles the plaintiffs to relief as prayed for.

"4. The present officers of the town are not responsible for the acts or misdoings of preceding officers."

The demurrer was heard and was sustained by *Lummus, J.,*

by whose order there was entered a final decree dismissing the bill. The plaintiffs appealed.

*F. W. Morrison,* for the plaintiffs.

*E. H. Vaughan,* (*H. W. Brown* with him,) for the defendants.

RUGG, C.J.   This is a suit brought by thirteen taxable inhabitants of the town of Northbridge against the selectmen and town treasurer of that town and others under G. L. c. 40, § 53. The allegations of the bill in substance and effect are that the selectmen are maintaining a police force, appointing and paying a chief of police, and proposing other expenditures in connection with such police force, all contrary to law. The prayers of the bill are to restrain further expenditures of that kind.

Allegations and prayers respecting expenditures made in years prior to 1925 need not be considered. *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258. They can stand on no better footing as to alleged illegality than the allegations respecting the current year.

The town of Northbridge has never accepted the provisions of St. 1920, c. 591, §§ 22–26, nor of G. L. c. 41, § 97. Express enactment there is made to the effect that in towns which accept that law there shall be a police department established under the direction of the selectmen with a chief of police. There are other enabling and mandatory provisions. These statutes, however, do not repeal the general authority conferred upon selectmen by G. L. c. 41, § 96, to appoint police officers. That section in substance was enacted by St. 1851, c. 162, and has been retained in all subsequent revisions of the statutes. This general authority imports power to appoint some one police officer to be in charge of the others and to direct them in the performance of their duties, when advisable in view of local conditions, and when such course has the express or implied approval of the town. It would be too narrow a construction of § 96 to hold that no police officer could be appointed by the selectmen to exercise the functions of a chief of police, that each police officer must be wholly independent of supervision by any of his fellows, or that the selectmen alone can

exercise such supervision. The selectmen, in the absence of statute and in the performance of their general duties, may organize those appointed police officers by them into a convenient and efficient working force. See *Ducey* v. *Brunell,* 250 Mass. 114, 116. Police officers are public officers for whose acts in the performance of duty the municipality is not liable. *Bolster* v. *Lawrence,* 225 Mass. 387, 389. But that principle does not prevent the systemization and supervision of their work in order to protect the public safety in the best way. The selectmen have as much implied authority to this end as they have to appoint foremen in other departments under their direct or implied control, or to do numerous other acts for the public welfare not specified in any statute.

The allegations of the bill are express to the effect that the appropriation for the support of the police force was made the subject of a special article in the warrant for the town meeting and that the appropriation was made in a single item "to be expended under the direction of the Selectmen." The report of the selectmen to the town showed in substance the appointment of a chief of police, and that officer also made a report. All this shows that the whole matter was called to the attention of the town meeting. The appropriation was made. The town left its entire management and disposition to the selectmen.

There is ample scope for the operation of St. 1920, c. 591, § 22, now G. L. c. 41, § 97, without impairing the efficacy rightly to be attributed to R. L. c. 25, § 94, now G. L. c. 41, § 96. That new statute imposed a rigid obligation upon such towns as accept its provision to maintain a police department with a chief of police and other members to be appointed by the selectmen, the compensation of all members to be fixed by the selectmen within the limits of the appropriation made by the town, with power in the selectmen to establish regulations for the government of the department and the obligation on the chief of police to have charge of all town property used by the department. Such statutory provisions when adopted by a town cannot be changed by the town. They must be followed.

There is nothing incompatible between such a comprehensive statutory scheme with its safeguards of permanency of methods, on the one hand, and the more flexible provisions for a police force under G. L. c. 41, § 96, where details are under the control of the town or of the selectmen in the absence of special vote of the town, on the other hand. The circumstance that, in the administration of the trust reposed in the defendant selectmen, they followed in some particulars the terms of § 97, does not render invalid that which they have authority to do under § 96 and the votes of the town.

The main contention of the plaintiffs is that the selectmen had no power to designate a chief of police or organize the police force unless the town had accepted St. 1920, c. 591, §§ 22–26, G. L. c. 41, § 97. That contention being unsound as matter of statutory construction, their case fails. Other defences urged need not be discussed.

*Decree affirmed.*