IMPERISHABLE ARTS, INC. *vs.* CITY OF CAMBRIDGE.

Middlesex.   February 3, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Municipal Corporations,* Expenditure for memorials.   *Great War.*

Under the provisions of G. L. c. 40, § 5, (12), in the amended form appearing in St. 1927, c. 16, made applicable to cities by G. L. c. 40, § 1, a city has authority to expend money to fulfill the obligation assumed by it in a contract in writing whereby, in consideration of a certain sum, a corporation agreed "to sell and deliver" and the city agreed "to purchase" one hundred forty "Gold Radiotone Pictures" of the city's "soldiers, sailors and marines who died during the World War; also" to "suitably mount on plaques and attach to each a gold title plate" and "to collect all photographs and do necessary art work, such as putting on uniforms where the subject appears in civilian clothes, showing the branch of service and rank of individual, also suitably hang Radiotone Portraits in location selected."

CONTRACT.   Writ in the Third District Court of Eastern Middlesex dated April 23, 1930.

By the contract in writing which was the basis of the action, the plaintiff, in consideration of $11,500, agreed "to sell and deliver, and the" city agreed "to purchase" one hundred forty "Gold Radiotone Pictures of Cambridge's soldiers, sailors and marines who died during the World War; also suitably mount on plaques and attach to each a gold title plate . . . [and] to collect all photographs and do necessary art work, such as putting on uniforms where the subject appears in civilian clothes, showing the branch of service and rank of individual, also suitably hang Radiotone Portraits in location selected."

The action was heard in the District Court upon an agreed statement of facts. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $12,510.08 and interest from the date of the writ and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*R. C. Evarts,* for the defendant.

*G. A. McLaughlin & H. Parker,* for the plaintiff.

CROSBY, J. This is an action of contract to recover the purchase price of one hundred forty gold radiotone pictures of men and women who died in the Great War. The case was tried on an agreed statement of facts. The only other evidence was two pictures similar to those in question which, it was agreed, might be considered as a part of the report.

The following facts were agreed: On April 6 and 13, 1928, the city inserted an advertisement in the Cambridge Chronicle soliciting proposals for one hundred forty radiotone gold plaques to be furnished to the city, requiring that each should be a picture of a Cambridge man or woman who had died in the service of his country in the Great War. The advertisement stated that these plaques with the pictures thereon were to be dedicated as a memorial and placed in a location to be selected by the mayor. The city council on June 26, 1928, designated the memorial room of the Cambridge Public Library as a suitable place for memorials the mayor might from time to time choose to place therein, and on July 2, 1928, the mayor approved this selection. An agreement in writing dated September 27, 1928, was entered into between the plaintiff and the city, whereby the price to be paid for the plaques was $11,500. The city council included in its annual budget for the year 1928 the sum of $11,500 to purchase the plaques. Subsequently to September, 1928, the plaintiff completed the pictures mounted on the plaques, and delivered them to the city on or about November 1, 1928, and submitted a bill for $11,500. The city auditor refused to approve the bill, and filed reasons for such refusal with the city treasurer in accordance with G. L. c. 41, § 52. The bill has not been paid. The city has kept the pictures in storage and is ready to return them to the plaintiff.

The sole ground of defence is that the city has no authority in law to expend money in payment for the purchase of such pictures as memorials. The defendant con-

tends that money of the city cannot be expended for such purposes either at common law or under G. L. c. 40, § 5, as amended by St. 1921, c. 486, § 6; St. 1923, cc. 202, 401; St. 1927, c. 16; St. 1928, c. 9.   (See St. 1929, cc. 9, 108.)   We need not determine whether the proposed expenditure would be unauthorized and illegal upon the first ground.   See *Stetson* v. *Kempton,* 13 Mass. 271; *Parsons* v. *Goshen,* 11 Pick. 396; *Hood* v. *Mayor & Aldermen of Lynn,* 1 Allen, 103; *Minot* v. *West Roxbury,* 112 Mass. 1; *Ducey* v. *Webster,* 237 Mass. 497; *Whiting* v. *Mayor of Holyoke,* 272 Mass. 116, and cases cited.

G. L. c. 40, § 5, as amended, reads: " A town may . . . appropriate money for the following purposes . . . (12) For erecting headstones or other monuments at the graves of persons who served . . . in the World war; for . . . purchasing, erecting, equipping or dedicating buildings, or constructing or dedicating other suitable memorials, for the purpose of properly commemorating the services and sacrifices of persons who served as aforesaid . . . ." This section applies to cities under G. L. c. 40, § 1.   It cannot be doubted that enduring and lasting pictures of those who died in the service of their country in the Great War are suitable memorials to be located in a building. Money under the statute may be appropriated for " equipping " a building to be designated by a city.   Pictures of those men and women of Cambridge who lost their lives in the late war are appropriate equipment for a building to be selected for that purpose.   The circumstance that it has not yet been determined in what building except as shown by the foregoing order these pictures shall be located is immaterial.   They were ordered as memorials, and it is to be assumed that they would be placed in a suitable building.   The suggestion of counsel for the defendant that if the city is allowed to purchase them it is free to give them away is without merit.   Under the statute the city has authority to appropriate money to pay for these pictures and it is to be assumed that they will be preserved and cherished as permanent memorials.   As we are of opinion that the statute, properly construed, authorized

the appropriation for obtaining the pictures for " equipping " a building, it is unnecessary to decide whether an appropriation could legally have been made under the statute for " constructing " the pictures as memorials.

It is the contention of the defendant that the agreement between the parties provides for the " purchase " of the pictures; that the statute does not authorize the purchase of memorials to be placed in buildings; that to hold otherwise would permit municipalities to purchase anything that could be called a suitable memorial and thereby lead to the expenditure of funds not contemplated by the statute. This contention cannot be sustained. It is apparent from the character of the services to be rendered by the plaintiff that the agreement did not provide for the purchase and sale of a commodity in the sense in which those words are commonly used. It was an agreement on the part of the plaintiff to " collect all photographs and do necessary art work, such as putting on uniforms where the subject appears in civilian clothes, showing the branch of service and rank of individual, also suitably hang Radiotone Portraits in location selected." Properly construed, the service to be rendered the defendant was in the nature of labor performed and materials furnished in the preparation of these memorials rather than a purchase and sale of personal property.

The defendant's first and third requests for rulings, to the effect that the plaintiff cannot recover, were rightly denied by the trial judge. The Appellate Division, after hearing, ordered the report dismissed. The defendant appealed. As the defendant's requests for rulings were rightly denied, the entry must be

*Order of Appellate Division*
*dismissing report affirmed.*